1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM ROUSER,

11          Petitioner,                        No. 2:10-cv-2437 MCE JFM (HC)

12      vs.

13   STATE OF CALIFORNIA,

14          Respondent.                        FINDINGS & RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se in this action filed pursuant to 28

17   U.S.C. § 2254.  On May 18, 2011, petitioner filed a motion for default judgment.  Petitioner

18   contends respondent failed to timely respond to this court's March 25, 2011 order directing

19   respondent to file a response within forty-five days of the date of the order.  Respondent filed a

20   motion to dismiss on May 11, 2011, two days beyond the deadline.

21          Federal Rules of Civil Procedure 55 governs the entry of default by the clerk and

22   the subsequent entry of default judgment by either the clerk or the district court.  In pertinent

23   part, Rule 55 provides:

24          (a) Entering a Default. When a party against whom a judgment for affirmative
            relief is sought has failed to plead or otherwise defend, and that failure is shown
25          by affidavit or otherwise, the clerk must enter the party's default.

26          /////

                                          1

1    (b) Entering a Default Judgment.

2         (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that
          can be made certain by computation, the clerk—on the plaintiff's request,
3         with an affidavit showing the amount due—must enter judgment for that
          amount and costs against a defendant who has been defaulted for not
4         appearing and who is neither a minor nor an incompetent person.

5         (2) By the Court. In all other cases, the party must apply to the court for a
          default judgment ....
6
        The Ninth Circuit Court of Appeals has stated that Rule 55 requires a "two-step
7
process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry
8
of default judgment.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir .1986) ("Eitel apparently
9
fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global
10
Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a
11
Default' and 'Entering a Default Judgment' ").
12
        In light of the requirement to obtain entry of default before seeking default
13
judgment, courts deny motions for default judgment where default has not been previously
14
entered.  See, e.g., Marty v. Green, No. 2:10-cv-1823-KJM-KJN, 2011 WL 320303, at *3 (E.D.
15
Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not
16
follow the procedural steps required to properly file a motion for default judgment. Specifically,
17
plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion
18
for default judgment."); Norman v. Small, No. 09-cv-2233-WQH-NLS, 2010 WL 5173683, at *2
19
(S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has
20
not entered default"); Bach v. Mason, 1901 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have
21
improperly asked this court to enter a default judgment without first obtaining an entry of default
22
by the clerk.  Since plaintiffs' motion for entry of default judgment is improper, it is denied.").
23
        In this case, petitioner has not sought entry of default against respondent, and the
24
Clerk of Court has not entered default against the respondent in this case.  Therefore, petitioner
25
has not complied with the requirements of Rule 55.  Without first obtaining an entry of default
26

2

1  against the respondent, petitioner's motion for default judgment is improperly before this court.

2  See Bach, 190 F.R.D. at 574.

3          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for

4  default judgment be denied.

5          These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7  days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

10 failure to file objections within the specified time may waive the right to appeal the District

11 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 DATED: June 28, 2011.

13

14                                        _____
                                          UNITED STATES MAGISTRATE JUDGE
15

16 /014;rous2437.mdj

17

18

19

20

21

22

23

24

25

26

3