IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ROUSER,

    Petitioner,               No. 2:10-cv-2437 MCE JFM (HC)

    vs.

BRENDA CASH[1],

    Respondent.          FINDINGS & RECOMMENDATIONS

                                      /

          Petitioner is a state prisoner proceeding pro se in this action filed pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss. Plaintiff opposes the motion.

FACTUAL AND PROCEDURAL BACKGROUND

          On June 26, 1995, petitioner's prison cell was searched by a correctional officer who found quantities of suspected heroin and methamphetamine. See Lodgment ("LD") 6. On October 13, 1995, petitioner was convicted in Sacramento County Superior Court following a jury trial on three counts of possession of drugs in prison with multiple sentencing enhancements

---

[1] Petitioner names "State of California" as the respondent. Pursuant to Rule 2(b) of the Rules Governing Section 2254 Cases, and in light of the fact that petitioner is presently incarcerated at California State Prison – Los Angeles ("CSP-LA"), the court substitutes Brenda Cash, Warden of CSP-LA, as the respondent.

1

found to be true.  LD 1.  On November 17, 1995, petitioner was sentenced to an indeterminate term of fifty-seven years to life.  Id.

On direct appeal, the California Court of Appeal, Third Appellate District, modified the judgment on December 8, 1997 by reversing one of the possession convictions and directing the trial court to amend the abstract of judgment to reflect the reversal and to reflect the imposition of a one-year term for each of the two prior prison term enhancements.  LD 2.  As modified, the judgment was affirmed.  Id.

Petitioner appealed to the California Supreme Court, which denied review on April 1, 1998.  LD 3-4.

Prior to filing this action, petitioner filed three petitions for post-conviction relief, two in the state court and one in this court.  See LD 5-16; case No. 2:02-cv-2378-WBS-DAD.

The first petition was a petition for writ of coram nobis filed in the Sacramento County Superior Court on November 19, 2001 and set forth two grounds for relief: (1) the prosecutor failed to disclose exculpatory evidence in the form of his cellmate's confession in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (2) prosecutorial misconduct.  LD 5.  Petitioner argued that the prosecutor failed to disclose petitioner's cellmate's confession to possession of the drugs discovered in the cell and the cellmate's conviction therefor.  As a result of the prosecutor's failure to disclose this evidence, petitioner argued he was prejudiced because he was forced to testify and disclose his prior convictions.  The trial court construed the petition as a petition for writ of habeas corpus and found that petitioner was not prejudiced because, based on his testimony and the correctional officer's report, sufficient evidence existed to find petitioner guilty of accomplice liability.  The trial court, thus, denied the petition on December 27, 2001 for failure to state a prima facie case for relief.  LD 6.  Petitioner appealed to the California Court of Appeal, Third Appellate District, which summarily denied the petition on March 14, 2001.  LD 7-8.  Petitioner then appealed to the California Supreme Court, which also summarily denied the petition on September 25, 2001.  LD 9-10.

The second petition, a petition for writ of habeas corpus, was filed on October 29, 2002 in the Eastern District of California in case No. 2:02-cv-2378-WBS-DAD. Therein, petitioner alleged that he was entitled to relief on the grounds of newly discovered evidence, actual innocence, and prosecutorial misconduct. On December 12, 2002, respondents filed a motion to dismiss the petition as untimely, in violation of 28 U.S.C. § 2254(d). On June 3, 2003, Magistrate Judge Dale A. Drozd issued findings and recommendations recommending that the petition be dismissed as untimely, that petitioner was not entitled to equitable tolling and that petitioner did not make a showing of actual innocence. On July 14, 2003, the Honorable William B. Shubb adopted the findings and recommendations in full and judgment was entered accordingly. On June 25, 2004, the Ninth Circuit Court of Appeal affirmed the judgment. LD 21. Petitioner filed a request for rehearing in the appellate court, which was denied on September 17, 2003. LD 22.

Petitioner's third post-conviction petition was filed in the Sacramento County Superior Court on June 22, 2009. LD 11. In that petition for writ of habeas corpus, petitioner sought relief on grounds of ineffective assistance of trial and appellate counsel, the prosecutor's Brady violation, and actual innocence. Petitioner asserted that his trial counsel was ineffective for failing to discover his cellmate's confession. In all other respects, petitioner set forth the same arguments as in his prior petitions for relief. The trial court denied the petition on October 13, 2009 as successive, lacking an adequate explanation for the delay in raising new claims and failure to state an actual innocence claim. LD 12. Petitioner appealed to the California Court of Appeal, Third Appellate District, which summarily denied the petition on November 5, 2009. LD 13-14. Finally, petitioner appealed to the California Supreme Court, which summarily denied the petition on June 9, 2010 with citation to In re Robbins, 18 Cal.4th 770, 780 (Cal. 1998), and In re Clark, 5 cal.4th 750 (Cal. 1993). LD 15-16. Petition then filed a petition for writ of certiorari with the United States Supreme Court. LD 17. That petition was denied on October 12, 2010. Id.

Petitioner initiated this action on August 9, 2010 in the Northern District of California. On September 10, 2010, the matter was transferred to this court. In the petition now pending, petitioner argues that (1) he is entitled to equitable tolling of the limitations period because he suffered extraordinary circumstances when the prosecutor withheld discovery of petitioner's cellmate's confession and disciplinary hearing reports; (2) the Ninth Circuit Court of Appeals failed to adequately address the alleged Brady violation; (3) he is actually innocent; (4) trial counsel provided ineffective assistance by failing to subpoena the disciplinary hearing records of petitioner's cellmate; and (5) appellate counsel provided ineffective assistance by failing to assert on appeal that trial counsel provided ineffective assistance.

On May 11, 2011, respondent filed a motion to dismiss the petition as barred by the statute of limitations and for failure to state a claim. On June 9, 2011, petitioner filed an opposition. Respondent has not filed a reply.

## DISCUSSION

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A.   Successive Claims

As noted, petitioner presents five grounds for relief in the petition pending before this court: (1) he is entitled to equitable tolling of the limitations period because he suffered extraordinary circumstances when the prosecutor withheld discovery of petitioner's cellmate's confession and disciplinary hearing reports; (2) the Ninth Circuit Court of Appeals failed to adequately address the alleged Brady violation[2]; (3) he is actually innocent; (4) trial counsel provided ineffective assistance by failing to subpoena the disciplinary hearing records of

---

[2] Any alleged error in the Ninth Circuit Court of Appeals' consideration of petitioner's prior federal petition for habeas relief is not cognizable here. See 28 U.S.C. § 2254(a).

4

petitioner's cellmate; and (5) appellate counsel provided ineffective assistance. Petitioner's first and third claims were presented in petitioner's federal petition for habeas relief in case No. 2:02-cv-2378-WBS-DAD. Petitioner's second, fourth and fifth claims are presented for the first time in federal court. All claims arise from petitioner's 1995 conviction for possession of drugs in prison.

Under AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b)(3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-57 (1996). This court must dismiss any claim presented in a second or successive habeas corpus application under section 2254 unless the Court of Appeals has given petitioner leave to file the petition. 28 U.S.C. § 2244(b)(1). This limitation has been characterized as jurisdictional. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Accordingly, the court finds that the petition is successive and, furthermore, that petitioner did not seek leave of the Ninth Circuit to file a second or successive habeas corpus application. Therefore, respondent's motion to dismiss should be granted on this ground.

B.  Statute of Limitations

Alternatively, respondent argues that the petition is untimely. The court agrees. Assuming petitioner obtained leave of the Ninth Circuit to file the instant petition, the court further finds that petitioner's claims are time-barred.

Section 2244(d) of Title 28 of the United States Code contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

The statute of limitations started to run on petitioner's claims on June 30, 1998, following expiration of the time for seeking direct review in the United States Supreme Court. See Bowen v. Roe, 188 F.3d 1157, 1160 (9th Cir. 1999). The last day to file a habeas petition was June 30, 1999. This action, however, was filed on August 9, 2010, over eleven years after the one year limitation period expired, and nearly eight years after he filed his federal habeas petition in case No. 2:02-cv-2378-WBS-DAD, which set forth related and/or identical claims and which was dismissed as untimely.

6

While the statute of limitations may be tolled to account for a petitioner's applications for post-conviction relief or collateral review in the state courts, see 28 U.S.C. § 2244(d)(2), the period during which petitioner filed his most recent state habeas petition does not warrant tolling because petitioner's collateral challenge was denied as untimely in the state supreme court with citation to In re Robbins, 18 Cal.4th 770, 780 (1998).  Citation to Robbins in the state court order was a "clear ruling" that the state petition was untimely and, hence, not entitled to receive Section 2244(d)(2) tolling.  See Thorson v. Ramirez Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

Plaintiff asserts that he is entitled to equitable tolling because, although he was diligent in pursuing his claims, his trial and appellate counsel were ineffective, the prosecutor violated Brady v. Maryland, 373 U.S. 83 (1963), and he is actually innocent.

The habeas corpus statute of limitations is "not jurisdictional and is subject to equitable tolling." Souliotes v. Evans, 622 F.3d 1173, 1180 (9th Cir. 2010) (citing Holland v. Florida, _ U.S. _, 130 S. Ct. 2549 (2010).

> "[A] litigant seeking equitable tolling [of the one-year AEDPA limitations period] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir.2003) (internal quotation marks and citation omitted). Equitable tolling determinations are "highly fact-dependent." Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). Accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir.2002) (observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

Mendoza v. Carey, 449 F.3d 1065, 1068-69 (9th Cir. 2006).

Upon review, the court finds that petitioner fails to demonstrate that equitable tolling is warranted.  Petitioner's inadequate assistance of counsel claims fail because, despite his assertions of due diligence, petitioner was aware of the factual predicate of these claims as

7

late as 2001 when he filed his first petition for post-conviction relief alleging a Brady violation. As was noted by the state superior court on petitioner's second state petition for post-conviction relief, in which he first presented for the first time his ineffective assistance of counsel claims, petitioner is merely attempting to rephrase his Brady claim. See LD 12 ("This second petition re-frames the [Brady] argument as one of ineffective assistance of counsel"). Moreover, Magistrate Judge Dale A. Drozd previously considered and rejected petitioner's Brady argument as untimely and not entitled to equitable tolling. See Case No. 2:02-cv-2378-WBS-DAD.

Petitioner's 'actual innocence' claim likewise fails. Not only has it already been rejected by Judge Drozd, even if the actual innocence gateway of Schlup v. Delo, 513 U.S. 298 (1995) might provide a basis for equitable tolling of the limitation period, a question unresolved by the United States Supreme Court, petitioner has failed to show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 327. As the state superior court held in petitioner's first petition for post-conviction relief, sufficient facts existed – including petitioner's own testimony – to warrant imposition of accomplice liability. See LD 6 at 3-4.

For all of the foregoing reasons, petitioner's application for a writ of habeas corpus should be dismissed. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2)

'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, jurists of reason would not find it debatable whether this action is barred by the statute of limitations. Accordingly, a certificate of appealability should not issue in this action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be granted; and

2. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;rous2437.mtd